Office of the Clerk

Court of Appeals

Fourth Court of Appeals

District of Texas

San Antonio

September 19 2017

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2017 SEP 25 AM 11: 55

*Keith E. Hottle*

KEITH E. HOTTLE, CLERK

Re: Application for a Writ of Mandamus

    Cause No. 88-02-02179   Appeals No. 04-17-00614-CR

    79th Judicial District

    Brooks County, Texas

Dear Clerk:

       Enclosed please find my original Application for a Writ of Mandamus. Please bring it to this Court's attention and by doing same, please send me an acknowledgement that my application has been received and is being filed. Enclosed please also find a self-addressed stamped envelope for your convenience.

    If there is any problem with my application and filing, please let me know and have that information so it can be corrected.

    Thanks in advance for your time and kinds assistance shown to me in the above mentioned request.

WITH KINDS REGARDS

*Juan G. Cisneros*

JUAN GABRIEL CISNEROS #40178-079

USP-VICTORVILLE/P.O. BOX 3900

ADELANTO, CALIFORNIA 92301

COURT OF APPEALS

FOURTH COURT OF APPEALS DISTRICT OF TEXAS

SAN ANTONIO

Appeals No. 04-17-00614-CR

Cause No. 88-02-02179

79th Judicial District Court

Brooks County, Texas

JUAN GABRIEL CISNEROS, Relator

VS.

BROOKS COUNTY DISTRICT CLERK, Respondent

APPLICATION FOR A WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Juan Gabriel Cisneros, the Relator acting in pro-se, and respectfully submits this his Application for a Writ of Mandamus, and in support thereof, would show this Honorable Court as follows:

I. OVERVIEW OF RELEVANT FACTS

Because the Application for Writ of Habeas Corpus Pursuant to Texas Code of Criminal Procedure, Article 11.08, along with the Financial Statement Affidavit and Request to Proceed In Forma Pauperis, attached hereto and incorporated herein for purposes hereof as Exhibit A, provides a detailed background with respect to the relevant facts, that background is not repeated here. However, an overview of the relevant facts -which is taken largely from the Background

Facts Section of the Application- is provided here.

The above-named Relator, Juan Gabriel Cisneros states and asserts he is being unlawfully restrained of his personal liberty by The State of Texas, County of Brooks, in violation of State and Federal Constitutions by reason of Ineffective Assistance of Counsel, when Counsel abandoned on February 27, 1989, a valid claim of Innocence, and instead, coerced and induced the Relator to accept a plea offer to a possession of marijuana charge, in which he would be placed on two (2) years deferred adjudication probation, which if he successfully completed, the district judge would sign an dismissal order that would be the equivalent to an acquittal of the charges. The effect of which would be as if Relator was found innocent of the crime. Relator accepted the plea offer and plead guilty based solely upon counsel's affirmative information and advice and successfully completed the two year deferred adjudication probation and was discharged on or about April 29, 1991.

However, on June 19, 1995, Relator was convicted in federal court of conspiracy to possess with intent to distribute marijuana and sentenced to mandatory life without release, as a result of the two (2) year deferred adjudication probation, which was used as the basis of a prior offense for purposes of enhancement, contrary to what trial counsel affirmatively assured Relator.

Relator states, and the state court records show, that he has diligently sought relief -incorrectly, due to pro se status and lack of Texas Code of Criminal Procedure Books and Case law in the federal system- under Article 11.07 of the

Texas Code of Criminal Procedure. For several years, commencing on about the year 2000 through 2010, Relator filed several applications for writ of habeas corpus pursuant to Article 11.07, receiving no response from the trial court. See First Docket Entry File in Criminal Case 88-02-02179, attached hereto and incorporated herein for purposes hereof as Exhibit B; Also see Unsworn Declaration, attached hereto and incorporated herein for purposes hereof as Exhibit C.

Relator even filed an Application for Writ of Mandamus on April 2, 2003, to the Texas Court of Criminal Appeals. The Court of Criminal Appeals ordered the district clerk to respond. On May 16, 2003, the district clerk responded by stating no "Application for Writ of Habeas Corpus had been filed and therefore no action could be taken." This response by the district clerk is clearly contradicted by the state court records. See Exhibit B; also see Court of Criminal Appeals No. 39,693-03.

However, Relator without assistance of counsel and proceeding pro-se, filed in 2008, incorrect vehicle, another Application for Writ of Habeas Corpus under Article 11.07 of Texas Code of Criminal Procedure. This Application was dismissed on about October 3, 2008 for want of jurisdiction, because community supervision was not revoked. See Second Docket Entry File in Criminal Case 88-02-02179, attached hereto and incorporated herein for purposes hereof as Exhibit D, at Docket No. 41.

Thereafter, with the assistance of habeas counsel Rudy Wattiez, of San Antonio, Texas, on June 14, 2010, Relator filed an Application for Writ of Habeas Corpus Pursuant to

Article 11.08 of the Texas Code of Criminal Procedure, the correct vehicle in this deferred adjudication case. Id., at Docket Entry No. 42; Also see Donovan v. State, 68 S.W. 3d 633, 636 (Tex. Crim. App. 2002).

In this Application, Relator alleged that his guilty plea was obtained by inducement, in that it was not voluntarily asserted nor was the full understanding of the consequences known to Relator at the time of the agreement.

Relator was denied effective assistance of counsel, Eugenio A. Solis, Jr., failed to familiarize himself with the facts and law pertaining to the very issues raised in that application. Relator's retained counsel induced him to plead guilty by misleading him about the consequences of accepting deferred adjudication probation. Furthermore, retained counsel mislead and unlawfully induced Relator to accept a plea agreement for deferred adjudication probation, by misinforming Relator, if plead guilty and accepted the deferred adjudication probation, and his probation was not revoked, the judge would sign an order of dismissal of the underlying crime, the effect of which would be as if the crime had never occurred and the offense on his record would be permanently removed. See Sworn Affidavit of Eugenio A. Solis, Jr., (Exhibit 3 to Article 11.08 Application, which is attached hereto and incorporated herein for purposes hereof as Exhibit A).

An evidentiary hearing was held on this Application on July 25, 2011, and eventually denied on the 26th day of July 2011. See Second Docket Entry File in Criminal Case 88-02-02179, attached hereto and incorporated herein for purposes

hereof as Exhibit D, at Docket No. 68.

Writ of habeas counsel Rudy Wattiez, filed an untimely notice of appeal to the denial, id. at Docket Entry No. 82, and eventually the appeal was dismissed for want of jurisdiction. See Court of Appeals Order of February 8, 2012, attached hereto and incorporated herein for purposes hereof as Exhibit E; also see Exhibit D, at Docket No. 104.

On October 3, 2016, Relator filed another -the Application referred to in this Application for a Writ of Mandamus- Application under Article 11.08 in the trial court. Relator now alleges in the instant Application for Writ of Habeas Corpus Pursuant to Article 11.08 of Texas Code of Criminal Procedure, that he was denied effective assistance of counsel on a different ground.

Given that Relator had previously asked his habeas counsel about this unraised claim, and had informed him to raise it in the initial application under Article 11.08, but was told by habeas counsel Rudy Wattiez, that it was not necessary. That the ineffective assistance of counsel claim already raised in the application -mentioned above- was more than enough to get a reversal of the conviction. Relator otherwise did not doubt his habeas counsel's representation. Relator is entitled to bring this his subsequent application for Writ of Habeas Corpus Pursuant to Article 11.08 of Texas Code of Criminal Procedure.

Article 11.08 of Texas Code of Criminal Procedure does not bar Relator from filing a subsequent application. Article 11.08 does not have a subsequent application restriction as Article 11.07, since the statutes set out two very different

procedures.

Moreover, Relator presents a claim of ineffective assistance of trial counsel that was not presented to the habeas court in the initial collateral review proceedings and, perhaps, is procedurally barred because of the ineffectiveness of his original state habeas counsel. Relator seeks to challenge his guilty plea, specifically, Relator asserts that he should be allowed to pursue his claim that he was provided with ineffective assistance of habeas counsel during initial collateral review proceedings in the habeas court, relying upon the United States Supreme Court in Martinez v. Ryan, 132 S.Ct. 1309, 182 L.Ed 2d 272 (2012), and Trevino v. Thaler, 133 S.Ct. 1911, 185 L.Ed 2d 1044 (2013). Relator moved for habeas relief and seeks an "opportunity to challenge state habeas counsel's effectiveness." Relator contends that under Martinez and Trevino, he is entitled to present and have the trial court consider the evidence that was not submitted to the state habeas court due to state habeas counsel's failures.

The evidence that Relator presented to the trial court is that before his guilty plea arraignment hearing of February 27, 1989, Relator informed trial counsel, Eugenio A. Solis, Jr., that he was innocent of the crime he was charged with, that he took the blame of the drugs due to coercion on part of his mother, to protect her from going to jail. Trial counsel Eugenio A. Solis, Jr., informed Relator that he had already reviewed the evidence against him and that the district attorney had offered a plea bargain. That, since he [Relator] had accepted responsibility for the drugs found in

the truck, he had no other choice but to plead guilty. That the offer the district attorney had extended if completed, would be if he was never charged.

Relator filed his Article 11.08 Application on October 3, 2016, and to this date the trial court nor the State of Texas, have filed a response or any document, despite Relator's filing of a Motion to Supplement Application with Recent U.S. Supreme Court Authority in Jae Lee v. U.S., No. 16-327, on July 12, 2017. And a Motion for Appointment of Counsel.

II. PROCEEDINGS UNDER THE WRIT

Article 11.10 states: When motion has been made to a judge under the circumstances set forth in the two preceding Articles [11.08 and 11.09], he shall appoint a time when he will examine the cause of the applicant, and issue the writ returnable at that time, in the county where the offense is charged in the indictment or information to have been committed. He shall also specify some place in the county where he will hear the motion. Art. 11.10 of Tex. Code of Crim. Proc. The trial court has failed to comply with this Articles mandate. Relator's Article 11.08 Application has been sitting in the trial court for almost a year now.

Furthermore, Article 11.15 mandates that "The writ of habeas corpus shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever." Art. 11.15 of Tex. Code of Crim. P.

The above cited Articles are very specific, that the

trial court shall act accordingly.

Relator's Article 11.08 Application presents a colorable claim that entitles him to the habeas relief sought before the trial court.

Relator lacks an adequate remedy at law -Article 11.07 inapplicable to deferred adjudication offenses, see Ex Parte Torres, 943 S.W. 2d 469, 472 (Tex. Crim. App. 1997)- because his petition to the trial court for habeas relief are simply ignored and/or not responded to. Relator is presently serving a life sentence without release in the federal system as a result of the State's prior deferred adjudication -two (2) year- probation, that was obtained in violation of his constitutional rights.

III. DENIAL OF DUE PROCESS

The longer the trial court keeps delaying the Article 11.08 Application now before it, the longer due process rights to Relator is being delayed.

IV. DEFERRED ADJUDICATION PROBATION

Under Texas law, deferred adjudication -as in the present case- is a process intended to give selected offenders an opportunity to avoid the stigma inherent in the entry of a judgment of guilt for a felony offense by postponing the actual determination of guilty for a period of years during which a defendant who complies with the conditions specified by the sentencing judge during that term can ultimately receive a dismissal of the indictment or information against him. See Ex Parte Laday, 594 S.W. 2d 102, 104 (Tex. Ct. Crim. App. 1980). If, however, the defendant fails to comply with the conditions of the deferred adjudication term, a judge can

revoke the term of deferred adjudication, enter an order adjudicating the defendant's guilt, and fix the sentence to be served by the defendant. See Dahlkoetter v. State, 628 S.W. 2d 255, 257-58 (Tex. Ct. App. 1982).

In the instant case, Relator successfully complied with the conditions specified by the sentencing judge. Thereafter, the sentencing judge submitted an ORDER DISCHARGING DEFENDANT FROM DEFERRED ADJUDICATION PROBATION. See Sentencing Judge Discharging Order, attached hereto and incorporated herein for purposes hereof as Exhibit F. However, the federal system enhanced Relator's sentence in a separate case to life without release as a result of the two year deferred adjudication probation, notwithstanding the fact that Relator was discharged from said probation.

Relator has been incarcerated for over 22 years now, but for the deferred adjudication offense, he would have been released long time ago.

Relator was coerced into accepting the State's plea offer to a possession of marijuana charge, in which he would be placed on two (2) years deferred adjudication probation, which if he successfully completed, the district judge would sign an dismissal order that would be the equivalent to an acquittal of the charges. The effect of which would be as if Relator was found innocent of the crime. Relator accepted the plea offer and plead guilty based solely upon counsel's affirmative information and advice and successfully completed the two year deferred adjudication probation and was discharged on or about April 29, 1991.

However, the indictment was not dismissed nor the charges

dropped and Relator was ultimately sentenced in federal court to life without release as a result of the deferred adjudication probation offense, that was obtained in violation of his constitutional rights.

V. APPLICATION FOR A WRIT OF MANDAMUS RELIEF

The application for a writ of mandamus is used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.

In Chapman v. Evans, 744 S.W. 2d 133, 138 (Tex. Crim. App. 1988), the relator sought -through a writ of mandamus- to have the trial court either set for trial or dismiss a pending indictment for an offense unrelated to that for which he was presently incarcerated. The Court of Criminal Appeals granted mandamus relief.

Similarly, in Thomas v. Stevenson, 516 S.W. 2d 845 (Tex. Crim. App. 1978), the relator, serving a sentence of life imprisonment for attempted murder, had detainers placed upon him for charges of burglary of a habitation. He filed several request with the trial court to obtain a speedy trial, but received no response. The Court of Criminal Appeals granted mandamus relief in that case as well.

Relator is serving a sentence of life without parole for a marijuana drug offense in the federal system, as a result of the State's prior two year deferred adjudication probation offense -which he successfully completed- that was obtained in violation of his constitutional rights. The trial court has ignored the Article 11.08 Application filed by Relator on October 3, 2016, and its procedures for almost a year now.

This Court can either grant the relief sought in Relator's habeas corpus application, or in the alternative, order the State of Texas, County of Brooks, to respond to the claim raised in the Application.

VI. CONCLUSION

Relator asks this Honorable Court for mandamus relief, either by ordering the district court to act on his application for writ of habeas corpus filed on October 3, 2016, or grant the relief sought in his habeas corpus application. In the alternative, this Court can dismiss the charges and/or indictment pursuant to the order discharging Relator from deferred adjudication probation.

VI. PRAYER

Relator states that he is entitled to mandamus relief because of the trial court's failure to follow the writ of habeas corpus proceedings.

WHEREFORE, PREMISES CONSIDERED, Juan Gabriel Cisneros prays that the Court grants mandamus relief.

VII. VERIFICATION

I, Juan Gabriel Cisneros "Relator", declare under the penalty of perjury that the foregoing is true and correct to the best of his knowledge, understanding and belief. Executed on this the 19th day of September, 2017.

RESPECTFULLY SUBMITTED

JUAN GABRIEL CISNEROS

REG. NO. 40178-079

USP-VICTORVILLE

P.O. BOX 3900
ADELANTO, CA 92301

CERTIFICATE OF SERVICE

I, Juan Gabriel Cisneros, certify that a true and correct copy of the foregoing Application for a Writ of Mandamus was sent, via first class mail, to: Noe Guerra, Brooks County District Clerk, 79th Judicial District Court, P.O. Box 534, Falfurrias, Texas 78355, on this the 19th day of September, 2017.

JUAN GABRIEL CISNEROS

REG. NO. 40178-079

USP-VICTORVILLE

P.O. BOX 3900

ADELANTO, CALIFORNIA 92301



Cause No. 88-02-02179

AT 10:00 O'CLOCK
PAGE 1 OF 22
FILED
OCT 3 2016
Nce Guerra Jr Dist Clerk, Brooks Co., TX
By ____ Deputy

JUAN GABRIEL CISNEROS )

         )

VS.        )

         )

THE STATE OF TEXAS  )

IN THE DISTRICT COURT

79TH JUDICIAL DISTRICT

BROOKS COUNTY, TEXAS

---

## APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 11.08

NOW COMES, Juan Gabriel Cisneros (hereinafter "Applicant"), proceeding pro-se, and makes this Application for Writ of Habeas Corpus and for good cause shows the following:

I.

The above-named Applicant, Juan Gabriel Cisneros states and asserts he is being unlawfully restrained of his personal liberty by Respondent, the State of Texas, in violation of State and Federal Constitutions by reason of Ineffective Assistance of Counsel, when Counsel abandoned on February 27, 1989 a valid claim of Innocence, and instead, coerced the Applicant to plead guilty to a possession of marihuana charge, in which he was placed on two (2) years deferred adjudication probation and discharged on or about April 29, 1991.

However, on June 19, 1995 Applicant was convicted of conspiracy to possess with intent to distribute marihuana in violation of 21 U.S.C. Section 841 (a), and sentenced to mandatory life without release under Section 841(b)(1)(A), as

a result of the two (2) year deferred adjudication probation, which was used as the basis of a prior offense for purposes of enhancement and the subsequent sentence of mandatory life without release.

## II.

This Court has jurisdiction pursuant to Article 11.08 of the Texas Code of Criminal Procedure. Also see Donovan v. State, 68 S.W. 3d 633, 636 (Tex. Crim. App. 2002).

## III.

Applicant has filed a previous application pro-se on about August 5, 2008, pursuant to Article 11.07, which was dismissed on about October 3, 2008 for want of jurisdiction, because community supervision was not revoked. (See Docket Entry 41).

Applicant filed a previous application with the aid of habeas counsel on about June 14, 2010, pursuant to Article 11.08, the correct vehicle in this deferred adjudication case. (See Docket Entry 42).

In this application, Applicant alleged that his guilty plea was obtained by inducement, in that it was not voluntarily asserted nor was the full understanding of the consequences known to Applicant at the time of the agreement.

Applicant was denied effective assistance of counsel, Eugenio A. Solis, Jr., failed to familiarize himself with the facts and law pertaining to the very issues raised in that application. Applicant's retained counsel induced him to plead guilty by misleading applicant about the consequences of accepting deferred adjudication probation. Furthermore,

retained counsel mislead and unlawfully induced applicant to accept a plea agreement for deferred adjudication probation, by misinforming applicant, if plead guilty and accepted the deferred adjudication probation, and his probation was not revoked, the judge would sign an order of dismissal of the underlying crime, the effect of which would be as if the crime had never occurred and the offense on his record would be permanently removed.

An evidentiary hearing was held on this application on July 25, 2011, and eventually denied on the 26th day of July 2011. (See Docket Entry 68).

Writ of habeas counsel, Rudy Wattiez filed an untimely notice of appeal (See Docket Entry 82), and eventually the appeal was dismissed for want of jurisdiction. (See Docket Entry 104).

IV.

Applicant alleges he was denied effective assistance of trial counsel on a different ground.

Given that applicant had previously asked his habeas counsel about this unraised claim, and had informed him to raise it in the initial application under article 11.08, but was told by habeas counsel that it was not necessary. That the ineffective assistance of counsel claim already raised in the application was more than enough to get a reversal of the conviction. Applicant otherwise did not doubt his habeas counsel's representation. Applicant is entitled to bring his subsequent application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure.

Article 11.08 of the Texas Code of Criminal Procedure does not bar an applicant from filing a subsequent application under Article 11.08.

Moreover, applicant presents a claim of ineffective assistance of trial counsel that was not presented to the habeas court in the initial collateral review proceedings and, perhaps, is procedurally barred because of the ineffectiveness of his original state habeas counsel. Applicant seeks to challenge his guilty plea, specifically, applicant asserts that he should be allowed to pursue his claim that he was provided with ineffective assistance of habeas counsel during initial review collateral proceedings in the habeas court, relying upon the United States Supreme Court in Martinez v. Ryan, 132 S.Ct. 1309, 182 L.Ed 2d 272 (2012), and Trevino v. Thaler, 133 S.Ct. 1911, 185 L.Ed 2d 1044 (2013). Applicant moves for habeas relief and seeks an "opportunity to challenge state habeas counsel's effectiveness." Applicant contends that under Martinez and Trevino, he is entitled to present and have the trial court consider the evidence that was not submitted to the state habeas court due to state habeas counsel's failures.

The evidence that applicant would like to present to the court is that before his plea arraignment hearing of February 27,, 1989, applicant informed trial counsel, Eugenio A. Solis, Jr., that he was innocent of the crime he was charged with, that he took the blame of the drugs due to coercion on part of his mother, to protect her from going to jail. Trial counsel Eugenio Solis, informed applicant that he had already reviewed the evidence against him and that the

district attorney had offered a plea bargain. That, since he had already accepted responsibility for the drugs found in the truck, he had no other choice but to plead guilty. That the offer the district attorney had extended if completed, would be if he was never charged.

## V.

### BACKGROUND FACTS

On about January 15, 1988, while driving a pick-up truck belonging to his father (since deceased), applicant and his mother, Maria Martha Cisneros, driving alongside him as a passenger, were stopped at a Department of Public Safety traffic checkpoint, at which time the vehicle was searched without applicant's or his mother's consent. The vehicle was determined to have several pounds of marihuana hidden in the engine compartment.

Applicant's mother told him to take responsibility for the marihuana found in the pick-up truck, and to stay quiet and don't say that she knew of the marihuana. That for him not to worry, that she would hire an attorney to get him out of jail and take care of the problem. That everything was going to be alright. Applicant told his mother that he didn't want to take responsibility for something he knew nothing about. Applicant's mother told him that he had to take responsibility for her, because she was his mother and he had to protect her from going to jail. That he was young and wouldn't get that much time in jail, compared to her and her age. That anyhow he had to take responsibility for her because she was his mother. Based upon this threats and coercion, applicant accepted responsibility for the marihuana

found in the pick-up truck and gave a false statement to the State Trooper. See Sworn Affidavit of Juan Gabriel Cisneros, attached hereto and incorporated herein for purpose hereof as Exhibit 1; Also see Sworn Affidavit of Maria Martha Cisneros, attached hereto and incorporated herein for purpose hereof as Exhibit 2.

The applicant was placed under arrest at that time for possession of marihuana, at the time of arrest, applicant was young and did not have any criminal record associated with illegal drugs. Id.

Applicant's mother retained attorney Eugenio A. Solis, Jr., to represent applicant on the pending criminal case. Attorney Eugenio A. Solis, Jr., got applicant out of jail on bond. Id.

Before the plea arraignment hearing, applicant informed attorney Eugenio A. Solis, Jr., that he was innocent of the crime. That he took the blame just to protect his mother, that his mother had told him to stay quiet and for him not to say she knew of the marihuana. That she would hire an attorney and get him out of jail. That the attorney would take care of the problem and that everything would be alright. Id.

Applicant further informed attorney, Eugenio A. Solis, Jr., that he refused to take the blame at first, and told his mother that he didn't want to take responsibility for something he knew nothing about. But that his mother had told him that he had to take responsibility, because she was his mother and, he had to protect her from going to jail. That he was young and wouldn't get that much time in jail, compared

to her and her age. That anyhow he had to accept responsibility because she was his mother.

That based upon this threats and coercion, applicant accepted culpability for the marihuana found in the vehicle. Id.

Applicant was determined to have a jury trial which would prove his innocence. Applicant continues to deny he had any knowledge of the illegal drugs found in the vehicle he was driving. Id. Also see Attorney Eugenio A. Solis, Jr., Sworn Affidavit at ¶2, attached hereto and incorporated herein for purpose hereof as Exhibit 3.

However, attorney Eugenio A. Solis, Jr., informed applicant that since he had already accepted responsibility for the drugs to the Texas State Trooper, he could not use his innocence of the crime as a defense. Instead, attorney Eugenio A. Solis, Jr., informed applicant that the only defense he had was that the Texas State Trooper did not have consent to search the vehicle nor did he had reasonable suspicion or probable cause to search the vehicle. That attorney Eugenio A. Solis, Jr., could present those defenses to the jury under Texas law. See Article 38.23(a) of the Texas Code of Criminal Procedure. See Exhibit 1.

Notwithstanding the fact that Applicant had informed attorney Eugenio A. Solis, Jr., that he was innocent of the charges of possession of marihuana. That he had accepted culpability because his mother had coerced him into taking the blame to protect her from going to jail, attorney Eugenio A. Solis, Jr., informed applicant that he couldn't use that as a defense to prove his innocence, and by doing same

abandon a valid claim of innocence. See Exhibit 1.

Attorney Eugenio A. Solis, Jr., further informed applicant that he would review and study the merits of his defense, and the facts of the case against him. See Exhibit 3 at ¶2.

After reviewing the evidence against applicant of the Safety Traffic checkpoint stop, and studying the merits of his defense, attorney Eugenio A. Solis, Jr., informed applicant that there was no picture of the burnt marihuana as alleged by the State of Texas State Trooper. He further informed applicant that he had discussed the case with the district attorney. That the district attorney was overload with checkpoint cases and had extended an plea agreement in his case. That the plea offer consisted of a recommendation to the judge of a two (2) year deferred adjudication probation in exchange for applicant's guilty plea. See Exhibit 3 at ¶3.

Attorney Eugenio A. Solis, Jr., affirmatively informed and advised applicant, that he, as applicant's attorney, was looking out for applicant's best interest and that applicant best interest was to accept the district attorney's plea offer. That since applicant had already accepted responsibility for the marihuana found in the vehicle he was driving, he had no other choice but to plead guilty. See Exhibit 1.

Attorney Eugenio A. Solis, Jr., further informed applicant that, notwithstanding the fact that he was pleading guilty, the plea offer of two (2) years deferred adjudication probation, if successfully completed, the

district judge would sign an dismissal order that would be the equivalent to an acquittal of the charges. The effect of which would be as if applicant was found innocent of the crime. See Exhibit 3 at ¶3.

On February 27, 1989, during the plea arraignment hearing, applicant believing that his attorney Eugenio A. Solis, Jr., was correctly informing and advising him, plead guilty and at the same moment was sentenced to a two (2) year term of deferred adjudication probation. (See Docket Entry 22).

On April 29, 1991, applicant was discharged from deferred adjudication probation by court order and filed for record the same date. (See Docket Entry 39).

On June 19, 1995, applicant was convicted in federal court of conspiracy to possess with intent to distribute marihuana in violation of Title 21 USC §§ 841(a), 846 and sentenced to a mandatory life without release under §§ 841(b)(1)(A), 851, as a result of the two (2) year deferred adjudication probation, which was used as the basis of a prior offense for purposes of enhancement and the subsequent sentence of mandatory life without release.

Applicant retained attorney Rudy Wattiez, from San Antonio, Texas, to prepare and file an application for writ of habeas corpus pursuant to article 11.08 of the Texas Code of Criminal Procedure. Article 11.08 is the proper vehicle to challenge a guilty plea that resulted in deferred adjudication probation.

Applicant informed attorney Rudy Wattiez, that he wanted to raise in his application the following issues: 1) That his

guilty plea was obtained via a plea of which was unlawfully induced in that it was not voluntarily asserted nor was the full understanding of the consequences known to the applicant at the time of the agreement; 2)Ineffective Assistance of Counsel pertaining to the guilty plea claim raised in issue one, and; 3)Applicant was denied the Effective Assistance of Counsel, when Trial Counsel abandon a valid claim of Innocence. See Exhibit 1.

On about June 14, 2010, attorney Rudy Wattiez, filed on behalf of applicant, an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure. Attorney Rudy Wattiez, however, failed to raise the ineffective assistance of counsel claim pertaining to the abandonment of a valid claim of innocence. Attorney Rudy Wattiez only raised the involuntariness of applicant's guilty plea and ineffective assistance of counsel pertaining to the involuntary guilty plea. (See Docket Entries 42, 55 and 64).

An evidentiary hearing was held on this application on July 25, 2011, and that same day it was denied. (See Docket Entry 68).

Attorney Rudy Wattiez, informed applicant he would appeal the courts denial, however, he filed an untimely notice of appeal and the appeal was dismissed as untimely. (See Docket Entry 82).

## VI.

### STANDARD OF REVIEW

In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), the Supreme Court established a two component standard for judging claims of Ineffective Assistance of Counsel. First, "the defendant must show that counsel's performance fell below an objective standard of reasonableness." Secondly, "the defendant must show a reasonable probability, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome."

A defendant alleging that the entry of the guilty plea was the result of ineffective assistance of counsel "must show" that there is a reasonable probability that, but for counsel's errors, he would not had plead guilty, and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366 at 370 (1985).

A plea of guilty must as with a matter of due process, be voluntary, knowing and an intelligent act. U.S. v. Guerra, 94 F.3d 989 (5th Cir. 1996). To constitute an intelligent act, it must be "done with sufficient awareness of the relevant circumstances and likely consequences." McMann v. Richardson, 397 U.S. 759, 766 (1970).

A guilty plea "is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)(quoting McMann v. Richardson, 397 U.s. 759, 770 (1970)); cf. Hill v. Lockhart, 474 U.S. 52, 58-59

(1985)(holding that, in the plea context, a habeas petitioner establishes ineffective assistance of counsel by demonstrating that counsel's advice and performance fell below an objective standard of reasonableness, based upon which he pled guilty).

## VII.
## SUMMARY OF ARGUMENT

Applicant's guilty plea was involuntarily, unintelligently and unknowingly as a product of misinformation and coercion. Applicant entered into a guilty plea, after he had steadfastly informed his attorney Eugenio A. Solis, Jr., that he was innocent of the charges against him and wanted to take the case before a jury trial which would prove his innocence.

Trial attorney Eugenio A. Solis, informed Applicant that he had already reviewed the evidence against him. That, since Applicant had already accepted responsibility for the drugs found in the truck, he had no other choice but to plead guilty. That the district attorney had offered a plea bargain. That the offer the district attorney had extended if completed, would be if he was never charged.

Trial attorney Eugenio A. Solis, affirmatively informed and advised Applicant, that he, as Applicant's attorney, was looking out for his best interest in the case and that Applicant's best interest was to accept the district attorney's plea offer.

On February 27, 1989, during the plea arraignment hearing, Applicant believing that his attorney Eugenio A. Solis, was correctly informing and advising him, plead guilty

and at that same moment was sentenced to a two (2) year term of deferred adjudication probation.

However, on June 19, 1995, Applicant was convicted in federal court of conspiracy to possess with intent to distribute marijuana in violation of Title 21 USC §§ 841(a) and 846 and sentenced to a mandatory life without release sentence under §§ 841(b)(1)(A) and 851, as a result of the two (2) year deferred adjudication probation conviction, which was still in his record and was used as the basis of a prior offense for purposes of enhancement and the subsequent sentence of mandatory life without release.

Applicant's attorney provided ineffective assistance in getting Applicant to forgo a jury trial when Applicant had steadfastly informed him that he was innocent of the charges against him and wanted to prove his innocence in a trial by jury. Moreover, Applicant's attorney provided ineffective assistance when he affirmatively informed Applicant that, notwithstanding the fact that he was pleading guilty, the plea offer of two (2) years deferred adjudication probation, if successfully completed, the district judge would sign an dismissal order that would be the equivalent to an aquittal of the charges. The effect of which would be as if Applicant was found innocent of the crime.

The ineffectiveness of Applicant's trial attorney prejudiced the outcome of the criminal proceedings. If Applicant would have known that said guilty plea and conviction would remained in his record and later used for enhancement purposes, he never would have entered a guilty plea, and would have persisted in a trial by jury.

## VIII.
## ARGUMENT
## INEFFECTIVE ASSISTANCE OF COUNSEL

In the instant case, Applicant alleges that he received ineffective assistance of counsel. Applicant asserts that he informed his trial attorney Eugenio A. Solis, before the plea arraignment hearing, that he was innocent of the charges against him. That he had taken the blame just to protect his mother, that his mother had told him to stay quiet and for him not to say she knew of the marijuana.

Applicant further informed trial attorney Eugenio A. Solis, that he had refused to take the blame at first, and told his mother that he didn't want to take responsibility for something he knew nothing about. But that his mother coerced him to take responsibility. That based upon this threats and coercion of his mother, Applicant accepted responsibility for the marijuana found in the vehicle.

Applicant steadfastly informed trial attorney Eugenio A. Solis, that he was determined to have a jury trial which would prove his innocence.

However, trial attorney Eugenio A. Solis, informed Applicant that since he had already accepted responsibility for the drugs found in the vehicle to the State Trooper, he couldn't use that as a defense. That he had discussed the case with the district attorney, and the district attorney was overload with checkpoint cases and had extended a plea agreement in his case. That the plea offer consisted of a recommendation to the judge of a two (2) year deferred adjudication probation in exchange for Applicant's guilty plea.

Attorney Eugenio A. Solis, affirmatively informed and advised Applicant that he, as his attorney, was looking out for his best interest in the case, and that his best interest was to accept the district attorney's plea offer, That since Applicant had already accepted responsibility for the marijuana found in the pick-up truck, he had no other choice but to plead guilty.

Attorney Eugenio A. Solis, further informed Applicant that, notwithstanding the fact that he was pleading guilty, the plea offer of two (2) years deferred adjudication probation, if successfully completed, the district judge would sign a dismissal order that would be the equivalent to an acquittal of the charges. The effect of which would be as if Applicant was found innocent of the crime.

On February 27, 1989, believing that his attorney Eugenio A. Solis, was correctly informing and advising him, Applicant plead guilty and at same moment was sentenced to a two (2) year deferred adjudication probation.

However, on June 19, 1995, Applicant was convicted in federal court of conspiracy to possess w/i to distribute marijuana, and was shocked when he was sentenced to a mandatory life without release as a result of the two (2) year deferred adjudication probation conviction, which was still in his record and used as the basis of a prior offense for purposes of enhancement and the subsequent sentence of mandatory life without release.

The Supreme Court has made clear that "[t]he Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding." Lafler v. Cooper,

132 S.Ct. at 1385 (2012). "The constitutional guarantee applies to pretrial critical stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants caanot be presumed to make critical decisions without counsel's advice." Id. Convictions by guilty plea - which make up between ninety-four and ninety-seven percent of convictions mationwide - "have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process ... that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages." Frye v. Missouri, 132 S.Ct. at 1407 (2012). "Indeed, this Circuit has observed that providing counsel to assist a defendant in deciding whether to plead is '[o]ne of the most precious applications of the Sixth Amendment.'" United States v. Rivas-Lopez, 678 F.3d 353, 356 (5th Cir. 2012)(quoting United States v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). Thus, before a defendant decides whether to plead guilty, "counsel's function as assistant to the defendant [gives rise to] the overarching duty to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions" after "mak[ing] reasonable investigations." Strickland, 466 U.S. at 688, 691.

The trial court is well aware that attorney Eugenio A. Solis, didn't even bother to file any motion and/or pretrial motions in the case on behalf of Applicant, in over a year, while the case was pending. Instead, attorney Eugenio A. Solis, affirmatively misinformed Applicant and gave bad

advice to induce him to plead guilty.

A guilty plea may be accepted by the Court only if it is free and voluntary. TEX. CODE CRIM. PROC. ANN. art. 26.13(b)(Vernon 1989). An accused is entitled to effective assistance of counsel during the plea bargaining process. Ex parte Battle, 817 S.W. 2d 81, 83 (Tex. Crim. App. 1991). A defendant's election to plead guilty when based upon erroneous advice of counsel is not made voluntarily and knowingly. Id. Also see Abu-Ein v. State, 921 S.W. 2d 807, 808 (Tex. App. Houston [14th Dist] 1996, pet. ref'd).

Applicant contends that instead of proceeding to trial, attorney Eugenio A. Solis, affirmatively misinformed Applicant by informing him that, since he had already accepted responsibility for the marijuana found in the truck to the State Trooper, he had no other choice, but to plead guilty. And gave bad advice to induce him to plead guilty.

Applicant contends that he received affirmative misinformation and bad advice from his attorney Eugenio A. Solis, which rendered his plea unknowingly, unintelligently, and involuntarily.

Applicant is aware of the fact that he was questioned by the trial court prior to accepting the plea and sentencing, but as he thought he had been correctly informed by his attorney and had been instructed by him to answer the questions, so that the court would accept the guilty plea, this does not preclude him from raising this collateral attack, especially since he did not plead guilty and did not received what his attorney affirmatively informed and advice him. The fact that the court admonished Applicant, that did

not affect the belief of Applicant, that if he successfully completed the two years of deferred adjudication probation, the district judge would sign an dismissal order that would be the equivalent to an aquittal of the charges. The effect of which would be as if Applicant was found innocent of the crime.

Given the U.S. Supreme Court's repeated emphasis on the paramount importance of providing effective representation and competent advice regarding the consequences of conviction before entry of the defendant's guilty plea, it cannot be concluded that the prejudice caused by a violation of that duty can be categorically erased by a judge's general and laconic statement during the plea hearing after the bargaining process is complete and immediately prior to the court's acceptance of the guilty plea. See, e.g., United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed. 2d 657 (1984)("[T]he adversarial process protected by the Sixth Amendment requires that the accused have 'counsel acting in the role of an advocate.'").

Indeed, as the Supreme Court in Lafler and Frye makes clear, if a full and fair trial or an otherwise voluntary guilty plea cannot "inoculate[] [counsel's] errors in the pretrial process" from collateral attack under Strickland, see Frye, 132 S.Ct. at 1407, neither can a trial judge's mere statement at a plea colloquy function to bar a petitioner from demonstrating that he was prejudiced by counsel's deficiencies during the pre-guilty-plea stage of proceedings. Lafler, at 1385.

The Court in both Lafler and Frye therefore made clear

that if the defendant establishes ineffective assistance of counsel during the plea negotiation stage of proceedings, a subsequent, otherwise - voluntary guilty plea or even a full and fair trial does not necessarily "wipe[] clean any deficient performance by defense counsel during plea bargaining."

Further, and perhaps most significantly, by the time the plea colloquy occurs, the plea bargaining process is over - and with it, defense counsel's opportunity to negotiate and advise the client.

Attorney Eugenio A. Solis's performance in this case was constitutionally deficient.

Trial attorney Eugenio A. Solis, informed Applicant that he had already reviewed the evidence against him. That, since Applicant had already accepted responsibility for the drugs found in the truck, he had no other choice but to plead guilty. And that the district attorney had offered a plea bargain. That the offer the district attorney had extended if completed, would be if he was never charged.

Attorney Eugenio A. Solis, affirmatively informed and advised Applicant that he, as his attorney, was looking out for his best interest in the case, and that his best interest was to accept the prosecuter's plea offer.

On February 27, 1989, during the plea arraignment hearing, Applicant believing that his attorney Eugenio A. Solis, was correctly informing and advising him, plead guilty and at that same moment was sentenced to a two (2) year term of deferred adjudication probation.

However, on June 19, 1995, Applicant was convicted in

federal court and sentenced to a mandatory life without release sentence as a result of the two (2) year deferred adjudication probation, which was used as the basis of a prior offense for purposes of enhancement.

Petitioner had a strong desire to proceed to jury trial to prove his innocence, however, he was induced by his attorney's affirmative misinformation and bad advice. Had attorney Eugenio A. Solis, correctly informed him that after completing the two years of deferred adjudication probation the conviction would still remain in his record and could be used for enhancement purposes in a subsequent conviction, there is a reasonable probability that Applicant would have proceeded to trial. There is also a reasonable probability that had Applicant proceeded to trial, that the court would have thrown out the case due to the illegal search and seizure or the jury would have found him not guilty and/or acquitted of the charges.

Counsel's representation was certainly below a standard of reasonableness. Counsel's misrepresentation of material facts and law, constitutes ineffective assistance of counsel and entitles Applicant to relief herein. Counsel's errors in this case were so flagrant, that the court can conclude that it resulted from neglect or ignorance rather than an informed professional deliberation.

Applicant's reliance on his counsel's blatant and significant misrepresentation rendered his plea unknowing and was violative of Applicant's due process rights. See Hill, 474 U.S. at 56.

Based upon counsel's affirmative misinformation and bad

advise, Applicant was led to believe that pleading guilty was an adequate resolution to his situation.

Counsel's performance fell below the minimum standard of reasonableness which prejudiced Applicant when he found out that the misinformed guilty plea and conviction that resulted in the two years deferred adjudication probation was still in his record and used as the basis of a prior offense for purposes of enhancement and the subsequent sentence of mandatory life without release.

If attorney Eugenio A. Solis, had fully and properly informed Applicant of the actual consequences of pleading guilty, there is no way that Applicant, or any rational person, would have pleaded guilty. See Hill, supra.

## IX.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Court grant this Application for Writ of Habeas Corpus, and issue a Writ of Habeas Corpus to the State of Texas and the Federal Bureau of Prisons, directing and commanding production of Applicant Juan Gabriel Cisneros before this Court instanter, or at such time and place to be designated by this Court, then and there to show cause, if any there may be, why Applicant Juan Gabriel Cisneros should not be discharged from such illegal confinement. Or in the alternative, vacate the conviction and allow Applicant Juan Gabriel Cisneros, to withdraw his guilty plea and/or dismiss the indictment. And any other relief as the Court deems just and proper in conformance to the relief sought.

I, Juan Gabriel Cisneros, Applicant declare under the

penalty of perjury, pursuant to Title 28 USC 1746, that the

above  and foregoing is true and correct to the best of my

own personal knowledge, understanding and belief.

Executed: September 19, 2016.

RESPECTFULLY SUBMITTED

Juan G. Cisneros
Reg. No. 40178-079
United States Penitentiary
P.O.Box 3900
Adelanto, CA 92301



THE STATE OF CALIFORNIA )

                       )          Cause No. 88-02-02179

COUNTY OF SANBERNARDINO )

SWORN AFFIDAVIT OF JUAN GABRIEL CISNEROS

I, Juan Gabriel Cisneros, hereby affirm under the penalty of perjury, pursuant to Title 28 USC § 1746, that the below statements that I have made are true and correct to the best of my ability, understanding and belief.

I, Juan Gabriel Cisneros, am over the age of 18 years and am of sound mind to make this affidavit.

1. I am the Defendant/Applicant so named in the Application for Writ of Habeas Corpus under Article 1108.

2. The statements and allegations contained within my instant motion are true and correct.

3. At the time of this case I was young and did not have any criminal record associated with illegal drugs.

4. Eugenio A. Solis was my attorney in Case No. 88-02-02179.

5. My guilty plea was involuntarily, unintelligently and unknowingly entered and was a product of misinformation and coercion by attorney Eugenio A Solis.

6. I entered into a guilty plea, after I had steadfastly informed my attorney Eugenio A. Solis, that I was innocent of the charges against me and wanted to take the case before a jury trial which would prove my innocence. It was my desire back then and continues to be my desire today to plead not guilty to the possession of marijuana charge. I further assert, I had no prior knowledge of any marijuana being

present in the vehicle I was driving.

7. Attorney Eugenio A. Solis, informed me that he had already reviewed the evidence against me and that since I had already accepted responsibility for the drugs found in the truck, I had no other choice but to plead guilty.

8. The district attorney had offered a plea bargain.

9. The offer the district attorney had extended if completed, would be if he was never charged.

10. Attorney Eugenio A. Solis, affirmatively informed and advised me, that he, as my attorney, was looking out for his best interest and that my best interest was to accept the district attorney's plea offer.

11. On February 27, 1989, during the plea arraignment hearing, believing that my attorney Eugenio A. Solis, was correctly informing and advising me, I plead guilty and at that same moment was sentenced to a two (2) year term of deferred adjudication probation.

12. I successfully completed the two (2) year deferred adjudication probation.

13. On June 19, 1995, I was convicted in federal court of conspiracy to possess with intent to distribute marijuana and sentenced to a mandatory life without release as a result of the two (2) year deferred adjudication probation conviction which was still on my record and was used as the basis of a prior offense for purposes of enhancement and the subsequent sentence of mandatory life without release.

14. I retained attorney Rudy Wattiez, from San Antonio, Texas, to prepare and file an application for writ of habeas corpus, pursuant to article 11.08 of the Texas Code of

Criminal Procedure.

15. I informed attorney Rudy Wattiez, that I wanted to raise in the application the following issues: 1) That my guilty plea was obtained via a plea of which was unlawfully induced in that it was not voluntarily asserted, nor was the full understanding of the consequences known to me at the time of the agreement; 2) Ineffective Assistance of Counsel pertaining to the guilty plea claim raised in issue one; and 3) I was denied the Effective Assistance of Counsel, when trial counsel abandon a valid claim of innocence.

16. Habeas attorney, Rudy Wattiez failed to raise the Ineffective Assistance of Counsel claim pertaining to the abandonment of a valid claim of innocence.

17. Habeas attorney, Rudy Wattiez filed an untimely notice of appeal, which prejudiced my appeal.

FURTHER AFFIANT SAYETH NAUGHT.

Executed on: September 19, 2016.

RESPECTFULLY SUBMITTED

Juan Gabriel Cisneros
Reg. No. 40178-079
United States Penitentiary
P.O. Box 3900
Adelanto, CA 92301

Exhibit

STATE OF TEXAS   )
                 )
                 )        CAUSE NO. 88-2179
COUNTY OF STARR  )

## AFFIDAVIT

My name is Martha Cisneros, and am over the age of 18 years and competent to make this affidavit.

- I am the mother of Juan Gabriel Cisneros, and on January 15, 1988, I put 115 lbs. of marijuana in the engine compartment of my husbands pick-up truck.

- After putting the marijuana in the pick-up truck, I asked Juan Gabriel Cisneros, to take me to Corpus Christi, Texas, in my husbands pick-up truck. Juan Gabriel Cisneros, did not know or had any knowledge of the marijuana being hidden in the engine compartment of the pick-up truck he was driving.

- When we were stopped at a Department of Public Safety traffic checkpoint, the DPS Trooper, without giving him consent, searched the pick-up truck and found the marijuana I had hidden in the engine compartment.

- At the time the DPS Trooper found the marijuana, I told Juan Gabriel Cisneros, to take responsibility of the marijuana and for him to stay quiet and not to say that I knew of the marijuana.

- When I told Juan Gabriel Cisneros, to take responsibility of the marijuana, he told me he didn't want to take responsibility for something he knew nothing about. To which I responded in a threatening manner, that he had to take responsibility because I was his mother.

- Juan Gabriel Cisneros, took responsibility of the marijuana because I pressured and threatened him, and not because he knew or had knowledge of the marijuana found in the pick-up truck he was driving.

- I am the person responsible for putting the marijuana in the engine compartment of the pick-up truck that my son Juan Gabriel Cisneros, was driving on January 15, 1988.

- I hired attorney Eugenio A. Solis, Jr., to represent my son, Juan Gabriel Cisneros. I told attorney Eugenio A. Solis, Jr., to do whatever he had to, to get my son on some kind of probation.

I, Martha Cisneros, certify under the penalty of perjury, pursuant to 28 USC § 1746, that the above declaration is true and correct, to the best of my own personal knowledge, understanding and belief.

Executed on this the 15th day of September, 2016.

Respectfully

*Martha Cisneros*
Martha Cisneros
3-Cisneros Lane
Roma, Texas 78584

<Exhibit

## CAUSE NO. 2179

| | | |
|---|---|---|
| EX PARTE: | X | IN THE DISTRICT COURT |
| JUAN CISNEROS | X | 79TH JUDICIAL COURT |
| | X | BROOKS COUNTY, TEXAS |

### AFFIDAVIT

STATE OF TEXAS      X
COUNTY OF JIM WELLS   X

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this the 26th day of May, 2,000 personally appeared EUGENIO A. SOLIZ, JR., personally known to me, and being duly sworn, declared to me the following:

1. My name is Eugenio A. Soliz, Jr. On January 15, 1988, I was practicing law in the State of Texas licensed by the State Bar of Texas, and said day I was employed to represent Juan Cisneros on a charge of possession of marijuana in Brooks County, Texas. The criminal case was styled "The State of Texas vs. Juan Cisneros", Cause No. 2179.

2. Mr. Cisneros stated to me at the time that I was being retained that he wanted to fight the case and that he wanted a jury trial. Although he felt that he was not guilty, I needed to study the merits of his defense, and the facts of the case against him. Mr. Cisneros disclosed to me that he felt more comfortable going to a jury trial with a counsel of his choice than with a court appointed counsel.

3. The District Attorney at the time had an open file policy whereby the evidence against the defendant could be viewed without the necessity of forcing discovery. After reviewing the facts of the border check point stop, and discussing the case with the District Attorney, who was overloaded with checkpoint cases, an offer was made by the District Attorney to recommend Deferred Adjudication Probation for a term of two years in exchange for Mr. Cisneros' plea of guilty. I advised Mr. Cisneros of the offer and further advised him that if his probation was not revoked within the two year term that the District Judge would sign a dismissal order and that would be as if there had never been an offense conviction, his record would be clean. I reiterated to Mr. Cisneros that a dismissal by the court would like never having been convicted.

4. After hearing the advice, Mr. Cisneros agreed to plead guilty to the charge in the indictment. He received a "Deferred Adjudication and Probation" for a term of two ( 2) years the 27th day of February, 1989. A certified copy of said "Deferred Adjudication and Probation" is attached hereto and incorporated herein for purposes hereof as Exhibit 1.

5. Although I advised Mr. Cisneros that if he successfully completed his term of probation, that the conviction would not show on his record, I now realize that a federal judge has used the record to enhance a sentence, even though an "Order Discharging Defendant from Deferred Adjudication Probation" is on file signed by the District Judge on the 29th day of April, 1991. A certified copy of the said order is attached hereto and incorporate herein for purposes hereof as "Exhibit 2". The use of the said Cause No. 2179, the plea of guilty and the deferred adjudication probation is contrary to what I initially assured Mr. Cisneros.

Executed this 26th day of May 26, 2000.

Eugenio A. Soliz, Jr.

SWORN AND SUBSCRIBED to before me by the said Eugenio A. Soliz, Jr. on this the 26th day of May 26, 2000.

George Morales ~~Sylvia Johnson,~~ Notary Public in and for the State Of Texas

NOTARY PUBLIC STATE OF TEXAS

GEORGE M. MORALES
MY COMMISSION EXPIRES
January 21, 2001

DEFERRED ADJUDICATION, PROBATION

NO. 2179

| | | |
|---|---|---|
| THE STATE OF TEXAS | : | IN THE DISTRICT COURT OF |
| VS. | : | BROOKS COUNTY, TEXAS |
| JUAN GABRIEL CISNEROS | : | CHARGE: POSSESSION |
| DEFENDANT'S ADDRESS: Starr Route | : | OF MARIHUANA |
| Box 64, Rio Grande City, Texas | : | DATE OF OFFENSE: 1/15/88 |

DATE OF BIRTH OF
DEFENDANT: 12/12/68

ON THIS day this cause was called for trial and the State appeared by and through the office of the District Attorney, and the Defendant appeared, in person and by his attorney, both parties having announced ready for trial and having filed written waiver of trial by jury as approved and entered by the court in the Minutes of the Court;

WHEREUPON, the State's Attorney having read the allegation of criminality on file herein, the Defendant pleaded guilty to said charge, and after the Court admonished said Defendant concerning the consequences of his plea of guilty, said Defendant insisted upon pleading guilty. It plainly appearing to the Court that the Defendant is sane and uninfluenced by any consideration of fear, persuasion, delusive hope of pardon prompting him to confess his guilt, said plea of guilty is by this Court received and entered of record upon the Minutes of the Court as the plea of the Defendant herein.

The Defendant herein having filed written waiver of all legal rights pertaining to the confrontation and examination of witnesses and consenting to evidence in the form of affidavits, documents and stipulations in proof of the offense alleged, such waiver is consented to and approved by the Court and ordered filed herein.

WHEREUPON, the State having satisfied the Court by legal and sufficient evidence substantiating the defendants' guilt, the Court, after hearing and considering the evidence and argument of counsel, finds that the best interest of both the public and the Defendant will be subserved if further proceedings in this cause be deferred and the Defendant be placed on probation under the supervision of the court for a period of ___Two (2)___ years.

IT IS ORDERED that further proceedings be deferred without an adjudication of guilt during the good behavior of the Defendant and that he is hereby placed on probation for the term as set out above, beginning on this date, under Court supervision, as set forth below, viz:

THAT during the term of the probation the Defendant shall:

(a) Commit no offense against the laws of this State or any other State or of the United States;

(b) Avoid injurious or vicious habits;

(c) Avoid persons or places of disreputable or harmful character;

AT 4:10 O'CLOCK FILED

FEB 27 1989

C014

(d)     Report to the Adult Probation Officer of this County, who is hereby appointed to supervise this probation, once each calendar month during the term of this probation;

(e)     Permit the said Probation Officer to visit you at your home or elsewhere in order to supervise your probation;

(f)     Remain within the State of Texas unless granted written permission to leave;

(g)     Pay all Court Costs of $76.00 and Court Appointed Attorney's fees of $_____-0-_____ within _____15_____ days of this date;

(h)     Pay a fine of $__4,000.00____ /$1,000.00 on 2/27/89 and balance by 8/27/89 ~~payable at the rate of xxxxxxxxxxxxxxxxxx~~ of $500.00 ~~xxxxxxxxxxbeginningxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxandxmonthlyx~~ per month ~~xhxxxxxxxxxxuntilxxxpaidxxxxxxxfullx~~ Payment to be made to District Clerk, Courthouse.

~~xidkxxxxMakexxRestitutionxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxin thexxxamountxxxofxxxxxxxxxxxxxxxxxxxxxxxxxxithinxxxxxxxxxxxxxxxxdaysxofxxthis datexx~~

(j)     Support your dependants, if any;

(k)     Abstain from the use of intoxicating liquor of any kind;

(l)     Refrain from gambling in all forms.

(m)     Pay a Supervisory fee in the amount of $_40_00_ per month starting 30 days from this date, to Brooks County Adult Probation Department, during the term of his probation;

The Clerk of this Court is directed to furnish Defendant herein a certified copy of this order as a written statement of the period and terms of his probation, and to take Defendant's receipt therefore, and upon the successful completion of Defendant's probation, the defendant shall be discharged and the proceeding against him shall be dismissed, except that upon conviction of a subsequent offense, the fact that the defendant had previously received probation shall be admissable before the Court or jury to be considered on the issue of penalty.

SIGNED AND ENTERED this __27th__ day of _____February_____, 19__89__.

_____Juan M. Cisneros_____
Defendant acknowledges receipt
of a copy of the above

_____
DISTRICT JUDGE
BROOKS COUNTY, TEXAS

(n) Submit a urine specimen at the direction of the Probation Officer, daily if ordered.

(0) Attend and participate w/ drug counseling (out-patient) and remain until officially discharged by the proper authorities.

0015

NO. 2179

| | | |
|---|---|---|
| THE STATE OF TEXAS | ] [ | IN THE DISTRICT COURT |
| VS. | ] [ | OF BROOKS COUNTY, TEXAS |
| JUAN GABRIEL CISNEROS | ] [ | 79TH JUDICIAL DISTRICT |

## ORDER DISCHARGING DEFENDANT FROM DEFERRED ADJUDICATION PROBATION

THIS DAY, came to be heard the matter of determining whether the judgment of conviction and placing the defendant on deferred adjudication probation heretofore entered in this cause should be set aside and the Defendant discharged from deferred adjudication probation, and the Court after hearing the evidence submitted and it appearing from said evidence that the defendant was indicted in this cause for the felony offense of __Possession of Marihuana__, and on the __27th__ day of __February, 19 89__, was convicted therefore, and that the imposition of sentence was suspended and the Defendant placed on Deferred Adjudication probation for a period of __two (2)__ years and it further appearing to the satisfaction fulfilled, it is accordingly considered, ORDERED AND ADJUDGED by the Court that the Defendant's deferred adjudication probation be terminated and Defendant be discharged from said deferred Adjudication probation.

SIGNED AND ENTERED this __29__ day of __April__, 19__91__.

TERRY A. CANALES
DISTRICT JUDGE
79TH JUDICIAL DISTRICT
BROOKS COUNTY, TEXAS

FILED
O'CLOCK
APR 29 1991
Pate Martinez DAV District Brooks Co.
BY



Cause No. 88-02-02179

JUAN GABRIEL CISNEROS )

)

vs. )

)

THE STATE OF TEXAS )

)

IN THE DISTRICT COURT

79TH JUDICIAL DISTRICT

BROOKS COUNTY, TEXAS

## FINANCIAL STATEMENT AFFIDAVIT
## AND REQUEST TO PROCEED IN FORMA PAUPERIS

I, Juan Gabriel Cisneros declare under the penalty of perjury, pursuant to Title 28 USC §1746, that the following facts are true and correct, to the best of my personal knowledge, understanding and belief.

1. I am JUAN GABRIEL-CISNEROS and the Applicant in this Article 11.08 Application.

2. I have been incarcerated for over 21 years in the Federal Bureau of Prisons and am serving a life without release sentence, and do not have any assets or bond that may be converted to cash to pay the Court fees..

3. I am not currently working and have not worked for the past 11 months, due to being in the special housing unit and institution transfer. That prior to being placed in the Special Housing Unit and Transfer, I was working in the Recreation Department and was being paid $42.00 a month.

4. I wish to proceed as an indigent and prosecute this Application for Writ of Habeas Corpus without paying costs.

5. I am unable to pay the Court fees or give security therefor, because my prison expenses exceed my prison income,

and unable to borrow money because of my incarceration.

6. That my Social Security Number is: 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.

7.It is my belief that I am entitled to redress in this Applicatio for Writ of Habeas Corpus.

FURTHER AFFIANT SAYETH NAUGHT.

Executed: September 19, 2016.

RESPECTFULLY

Juan G. Cisneros
Reg. No. 40178-079
USP/Victorville
P.O.BOX 3900
Adelanto, CA 92301

FOR SALE BY STAFFORD/LOWDON CO., FORT WORTH 54405

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR |
| 2179 | THE STATE OF TEXAS vs, JUAN GABRIEL CISNEROS | DAVID T. GARCIA | POSSESSION OF MARIJUANA | 1 | 15 | 88 |

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | INFORMATION OR INDICTMENT WITNESSES | FEE BOOK | | |
|---|---|---|---|---|---|---|---|---|---|
| MONTH | DAY | YEAR | | VOL. | PAGE | | VOL. | PAGE | |
| Feb. | 26, | 1988 | Waiver of Arraignment | | | | | | |
| Mar. | 24, | 1988 | Passed | | | | | | |
| Jan. | 4, | 1989 | Reset - 1/13/89 in Alice @ 8:00 A.M. | | | | | | |
| Jan. | 13, | 1989 | Judgment Nisi $50,000 cash bond | | | | | | |
| Jan. | 23, | 1989 | Judgment Nisi Issued | | | | | | |
| Feb. | 21, | 1989 | Dfo Deferred Adjudication Probation, $4,000.00 court cost & in 15 days) & 4000.00 fine (1000.00 2/27/89 + balance by 8/27/89 & 500.00 monthly) $40.00 Supervisory fee to Probation Dept | | | | | | |
| April | 25, | 1991 | Order Discharging Defendant from Deferred Adjudication Probation | 20 | 348 | | | | |
| July | 08 | 02 | Writ HC w/ Memorandum of Law | | | | | | |
| Dec | 20 | 02 | petition for writ of mand amus | | | | | | |

0016

ΣΤϽϽ

# CRIMINAL DOCKET

## THE STATE OF TEXAS

### VS. _____ NO. _____

| DATE OF ORDERS | | | ORDERS OF THE COURT—CONTINUED | MINUTE BOOK | |
| MONTH | DAY | YEAR | | VOL. | PAGE |
|---|---|---|---|---|---|
| Apr | 27 | '03 | ORDER from Court of Criminal Appeals on Application for a Writ of Mandamus from Brooks County. | | |
| May | 16 | '03 | Motion for default judgment | | |
| Oct | 27 | 03 | Writ # 44C on file but not file stamped, memorandum of law on file but not file stamped | | |
| Apr | 13 | '04 | Writ # 44/B on file but not file stamped, memorandum of law in file but not file stamped | | |
| June | 2 | '08 | Application w/HC — returned to inmate with a new form to fill out — got letter of explanation to him. | | |
| Aug | 6 | '08 | Application w/HC | | |

# UNSWORN DECLARATION

I, Juan Gabriel Cisneros, 40178-079, being presently incarcerated in FCC Beaumont-Medium, Beaumont, Texas, Jefferson County, declare under penalty of perjury, that the facts stated below are true and correct.

1. On July 2000, I mailed my Application for Writ of Habeas Corpus (AWHC). I did not receive any acknowledgement from the District Clerk, Noe Guerra, Jr. Subsequently my mother Martha Cisneros inquired with the Clerk and had been advised it had not been received.

2. On July 2001, I mailed my second AWHC to the District Clerk. I was later informed by my mother that she had been informed it had been received and would be presented to the court. After several months had past my mother again inquired with the District Clerk and then advised it had not been received and instructed for me to sent another.

3. On July 1, 2002, I mailed my third AWHC to the District Clerk. I was later informed by my mother that she had been informed by the District Clerk that I had filed it in the wrong court. By letter dated November 3, 2002, I wrote the District Clerk explaining that the AWHC was properly filed in Brooks County. See Exhibit A. I never received a response.

4. On December 17, 2002, I filed a Petition for Writ of Mandamus in Brooks County, explaining that I would file a Writ of Mandamus in the Texas Court of Criminal Appeals if it was not processed in accordance to 11.07 et seq. When I received no response, I then on March 11, 2003, filed a Writ of Mandamus. On April 2, 2003, the Texas Court of Criminal Appeals ordered the District Clerk to respond. On May 16, 2003, the District Clerk responded by stating no AWHC had been filed and therefore no action could be taken.

5. On January 22, 2004, I mailed my fourth AWHC, via certified return receipt requested No. 70011140000074078761. See Exhibits B and C. I was later informed by my mother that she had been informed by the District Clerk would be processed and then again later told that it had not been received.

6. On February 2004, Attorney Jefferey Kearney was retained to investigate this and other legal matters. Mr. Kearney took no action for several years which resulted in a complaint being filed with the State Bar on November 2007. According to Mr. Kearney my AWHC had been denied without a written order on August 18, 1999. He made this response on April 25, 2008.

7.   On June 2, 2008, I had my family go to Brooks County and hand delivered to the District Clerk for filing my fifth AWHC.  On July 2, my mother was informed that the court was in the process of filing its report in the Texas Court of Criminal Appeals.  On July 11, she was then informed that it had not been properly filed because I had used an old form, and a new form had been sent to me for having it completed.  On July 18, she was then informed that the new forms had been returned to the District Clerk for insufficient postage. Finally on July 28, I received the new forms and returned them for filing along a copy of this unsworn declaration explaining the 8 year odyssey I took in having it filed and processed.

Date: August 1, 2008

Juan Gabriel Cisneros

C013

## View All Events

New Case

View/Edit
Case

Defendant

Plaintiff

Other
Party

Other
Primary
Party

Attorney

Bond

Cash Bond

Offense

Event

Court
Setting

Fee/Fine

Payment

Bill of Cost

Case
Summary
Report

Location
History

Cause Number:
**88-02-02179-CR**

Court:
**79th District Court**

Criminal Offenses

1. **REOPEN**
2. **REOPEN**
3. **REOPEN**
4. **REOPEN**
5. **POSS MARIJ
>50LBS<=2,000LBS**

Style:
**State of Texas vs JUAN GABRIEL CISNEROS**

Disposition Date

07/26/2011
10/01/1990
11/06/1989
02/27/1989

File Location:

Filing Date:
**02/11/1988**

Disposition Type

**OTHER DISPOSITION**
**DISMISSAL; OTHER DISMISSALS**
**DISMISSAL; OTHER DISMISSALS**
**DEFERRED ADJUDICATION**

Offense Date:
**01/15/1988**

Enter another Event

View all

select all

Select

### All Events

| # | Type | Date | Description | Image | Pages |
|---|------|------|-------------|-------|-------|
| 1. | INDICTMENT | 02/11/1988 | INDICTMENT | 333013.tif | 1 |
| 2. | BAIL BOND | 02/11/1988 | BAIL BOND-$5000.00 | 333014.tif | 2 |
| 3. | LETTER | 02/11/1988 | LETTER FROM DAVID T. GARCIA, CTY ATTY | 333015.tif | 1 |
| 4. | MOTION | 02/12/1988 | MOTION FOR SUMMARY FORFEITURE & DESTRUCTION | 333019.tif | 2 |
| 5. | ORDER | 02/19/1988 | ORDER FOR SUMMARY FORFEITURE & DESTRUCTION | 333021.tif | 3 |
| 6. | MOTION | 02/25/1988 | 1ST AMENDED MOTION FOR SUMMARY FORFEITURE & DESTRUCTION | 333023.tif | 2 |
| 7. | WAIVER OF ARRAIGNMENT | 02/26/1988 | WAIVER OF ARRAIGNMENT | 333016.tif | 1 |
| 8. | ORDER | 03/01/1988 | 1ST AMENDED ORDER FOR SUMMARY FORFEITURE & DESTRUCTION | 333024.tif | 3 |
| 9. | LETTER | 03/04/1988 | LETTER FROM CTY ATTY DAVID T. GARCIA | 333018.tif | 1 |
| 10. | SUBPOENA RETURN | 08/20/1988 | SUBPOENA RETURN | 333029.tif | 2 |
| 11. | SUBPOENA RETURN | 08/24/1988 | SUBPOENA RETURN | 333031.tif | 4 |
| 12. | LETTER | 08/24/1988 | LETTER FROM CTY ATTY | 333033.tif | 1 |
| 13. | SUBPOENA ISSUED TO | 09/12/1988 | SUBPOENA ISSUED | 333027.tif | 2 |
| 14. | LETTER | 11/10/1988 | LETTER FROM CTY ATTY | 333035.tif | 1 |
| 15. | SUBPOENA RETURN | 11/15/1988 | SUBPOENA RETURN | 333037.tif | 4 |
| 16. | SUBPOENA ISSUED TO | 11/28/1988 | SUBPOENA ISSUED | 333034.tif | 2 |
| 17. | OBJECTION | 11/28/1988 | OBJECTION TO ASSIGNED JUDGE | 333038.tif | 3 |
| 18. | PRETRIAL | 11/28/1988 | PRETRIAL ORDER | 333039.tif | 1 |
| 19. | JUDGMENT NISI & CAPIAS INSTANTER | 01/23/1989 | JUDGMENT NISI | 333040.tif | 2 |
| 20. | PLEA MEMO | 02/27/1989 | PLEA MEMO | 333043.tif | 4 |
| 21. | MOTION TO REDUCE CHARGE | 02/27/1989 | MOTION/ORDER TO REDUCE CHARGE | 333046.tif | 1 |
| 22. | DEFERRED ADJUDICATION | 02/27/1989 | DEFERRED ADJUDICATION- 2YRS | 333047.tif | 2 |
| 23. | ARREST REPORT/OFFENSE | 02/27/1989 | ARREST REPORT/OFFENSE | 333051.tif | 5 |
| 24. | MOTION | 03/31/1989 | MOTION/ORDER FOR SUMMARY FORFEITURE & DESTRUCTION | 333049.tif | 5 |
| 25. | ORDER | 03/31/1989 | ORDER FOR SUMMARY FORFEITURE & DESTRUCTION | 333060.tif | 3 |
| | STATES MOTION FOR | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 26. | ADJUDICATION OF GUILT | 05/03/1989 | STATES MOTION FOR ADJUDICATION OF GUILT | 333048.tif | 7 |
| 27. | ORDER SETTING HEARING | 05/03/1989 | ORDER SETTING HEARING/ORDERING ARREST | 333052.tif | 1 |
| 28. | CAPIAS | 05/04/1989 | CAPIAS | 333055.tif | 6 |
| 29. | CAPIAS RETURNED | 05/09/1989 | CAPIAS RETURN | 333054.tif | 2 |
| 30. | NOTICE | 08/24/1989 | NOTICE | 333056.tif | 1 |
| 31. | BAIL BOND | 08/25/1989 | BAIL BOND | 333057.tif | 2 |
| 32. | NOTICE | 09/13/1989 | NOTICE | 333059.tif | 2 |
| 33. | NOTICE | 10/30/1989 | NOTICE | 333064.tif | 1 |
| 34. | DISMISSAL-STATES MOTION TO REVOKE | 11/06/1989 | DISMISSAL-STATES MOTION TO REVOKE | 333062.tif | 1 |
| 35. | MOTION | 02/07/1990 | MOTION FOR DISCHARGE FROM PROBATION AND DISMISSAL OF CAUSE | 333041.tif | 5 |
| 36. | STATES MOTION FOR ADJUDICATION OF GUILT | 06/25/1990 | STATES MOTION FOR ADJUDICATION OF GUILT | 333066.tif | 2 |
| 37. | ORDER SETTING HEARING | 06/25/1990 | ORDER SETTING HEARING/ordering arrest | 333067.tif | 1 |
| 38. | DISMISSAL-STATES MOTION FOR ADJUDICATION OF GUILT | 10/01/1990 | DISMISSAL-STATES MOTION FOR ADJUDICATION OF GUILT | 333069.tif | 1 |
| 39. | ORDER DISCHARGING DEFENDANT FROM DEFERRED ADJUDICATION COMMUNITY SUPERVISION | 04/29/1991 | ORDER DISCHARGING DEFENDANT FROM DEFERRED ADJUDICATION | 333070.tif | 1 |
| 40. | LETTER | 04/20/1998 | LETTER from def | 333068.tif | 2 |
| 41. | APPLICATION | 08/06/2008 | APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07 | 355455.tif | 36 |
| 42. | APPLICATION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM | 06/14/2010 | APPLICATION FOR WRIT OF HABEAS CORPUS | 333073.tif | 14 |
| 43. | NOTICE OF SETTING | 10/29/2010 | NOTICE OF SETTING 1/3/11 9AM | 340550.tif | 1 |
| 44. | REQUEST FOR HEARING | 10/29/2010 | REQUEST FOR HEARING | 340551.tif | 1 |
| 45. | Remarks | 11/01/2010 | Remarks- REQUEST FOR COPIES (entire file) mailed on 11-01-10 | 340581.tif | 1 |
| 46. | NOTICE RETURNED UNCLAIMED--NOT DELIVERABLE AS ADDRESSED/NO SUCH NUMBER/INSUFFICIENT ADDRESS | 11/12/2010 | NOTICE RETURNED UNCLAIMED-NOT DELIVERABLE AS ADDRESSED | 341188.tif | 1 |
| 47. | Remarks | 12/13/2010 | Remarks REQUEST FOR COPIES MR. WATTIEZ CAME IN PERSON ON 12-8-10 TO PICK UP COPIES OF WHAT HE NEEDED | 342502.tif | 1 |
| 48. | MOTION FOR CONTINUANCE | 12/15/2010 | MOTION FOR CONTINUANCE | 342731.tif | 6 |
| 49. | MOTION FOR CONTINUANCE | 12/27/2010 | MOTION FOR CONTINUANCE | 343251.tif | 6 |
| 50. | ORDER | 01/04/2011 | ORDER GRANTING CONTINUANCE | 343390.tif | 1 |
| 51. | APPLICATION | 02/11/2011 | APPLICATION FOR ATTACHMENT OF WITNESS | 345186.tif | 4 |
| 52. | FAX CONFIRMATION | 02/11/2011 | FAX CONFIRMATION TO ATTY AND I ALSO LET HIM KNOW THAT HE HAD TO FAX THE CRIMINAL CASE REQUEST FORM TO JUDGE TERRELL'S OFFICE | | |
| 53. | CASE SETTING REQUEST | 02/11/2011 | CASE SETTING REQUEST- DEFENDANT ATTY'S MAILED IT TO US. I NOTIFIED MR. WATTIEZ HE NEEDS TO FAX IT TO JUDGE TERRELL'S OFFICE | 345189.tif | 1 |
| 54. | Remarks | 03/24/2011 | Remarks CRIMINAL CASE REQUEST FORM*** FAXED I TO HEATHER & FAX CONF | 347168.tif | 2 |
| 55. | AMENDED | 03/24/2011 | FIRST AMENDED APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 11.08 | 347169.tif | 24 |
| 56. | ORDER | 03/28/2011 | ORDER OF REFERRAL AND RECUSAL ON JUDGE'S OWN MOTION | 347336.tif | 1 |
| 57. | ORDER | 04/01/2011 | ORDER OF ASSIGNMENT | 347714.tif | 1 |
| 58. | NOTICE OF SETTING | 04/18/2011 | NOTICE OF SETTING 4/21/2011 @ 1 PM | 348152.tif | 3 |
| 59. | BENCH WARRANT | 04/26/2011 | FEDERAL BENCH WARRANT | 348338.tif | 2 |
| 60. | NOTICE OF SETTING | 04/26/2011 | NOTICE OF SETTING- 07-06-2011 @9A | 348339.tif | 1 |

| No. | Type | Date | Description | File | Pages |
|---|---|---|---|---|---|
| 61. | RECEIVED FROM SHERIFF OR OTHER | 04/26/2011 | RECEIVED FROM SHERIFF OR OTHER | 348360.tif | 1 |
| 62. | WRIT OF HABEAS CORPUS | 05/04/2011 | WRIT OF HABEAS CORPUS FOR PROSECUTION | 348754.tif | 2 |
| 63. | RECEIVED FROM SHERIFF OR OTHER | 05/05/2011 | RECEIVED FROM SHERIFF OR OTHER | 348755.tif | 1 |
| 64. | BRIEF | 05/23/2011 | BRIEF IN SUPPORT OF DEFENDANT'S FIRST AMENDED APPLICATION FOR WRIT OF HEBEAS CORPUS PURSUANT TO TEXAS CODE OF CRIMINAL PROCEDURE, ARTICLE 11.08 | 349317.tif | 111 |
| 65. | LETTER | 07/07/2011 | LETTER FROM RUDY WATTIEZ OFFICE TO JUDGE SALDANA, MR. BARRERA & DISTRICT CLERK ON 7/14/11 HEARING | 351207.tif | 3 |
| 66. | NOTICE OF SETTING | 07/08/2011 | NOTICE OF SETTING-7/25/11 @ 10:30a | 351289.tif | 1 |
| 67. | EXHIBITS | 07/25/2011 | EXHIBITS 1 & 2 FROM PETITIONER & STATE EX #1 | 351726.tif | 9 |
| 68. | ORDER | 07/26/2011 | ORDER DENING APPLICATION FOR WRIT | 351780.tif | 2 |
| 69. | FAX CONFIRMATION | 07/26/2011 | FAX CONFIRMATION to RUDY & BCSO BAZAN | 351781.tif | 1 |
| 70. | NOTICE RETURNED UNCLAIMED--NOT DELIVERABLE AS ADDRESSED/NO SUCH NUMBER/INSUFFICIENT ADDRESS | 08/03/2011 | NOTICE RETURNED UNCLAIMED- RTS RELEASED | 352299.tif | 1 |
| 71. | REQUEST | 08/09/2011 | REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW | 352550.tif | 4 |
| 72. | MOTION | 08/17/2011 | MOTIONFOR APPLELLATE RECORD WITHOUT CHARGE PURSUANT TO TRAP 20.2 | 353072.tif | 5 |
| 73. | Remarks | 08/17/2011 | Remarks - FINANCIAL STATEMENT | 353073.tif | 4 |
| 74. | Transmittal Letter | 08/18/2011 | Transmittal Letter | 353126.tif | 1 |
| 75. | FINDINGS OF FACTS | 08/29/2011 | FINDINGS OF FACTS | 353656.tif | 4 |
| 76. | NOTICE | 08/29/2011 | NOTICE OF PAST DUE FINDINGS OF FACT AND CONCLUSIONS OF LAW | 353657.tif | 2 |
| 77. | AMENDED | 09/08/2011 | JUAN GABRIEL CISNERO'S REQUEST FOR ADDITIONAL AND AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW | 354071.tif | 8 |
| 78. | AMENDED | 09/14/2011 | FIRST AMENDED WRIT OF HEABEAS CORPUS HEARING | 354281.tif | 83 |
| 79. | NOTICE OF SETTING | 09/20/2011 | NOTICE OF SETTING 9/22/0 11:30AM | 354461.tif | 3 |
| 80. | AMENDED | 09/26/2011 | AMENDED NOTICE OF SETTING- 9/23/2011 @ 10:45AM | 354590.tif | 1 |
| 81. | MOTION | 10/07/2011 | MOTION FOR APPELLATE RECORD WITHOUT CHARGE PURSUANT TO TRAP 20.2 & FINANCIAL STATEMENT***** EMAILED TO SONIA**** | 354836.tif | 7 |
| 82. | NOTICE OF APPEAL | 10/21/2011 | NOTICE OF APPEAL | 355451.tif | 1 |
| 83. | DESIGNATION OF RECORD OF APPEAL | 10/21/2011 | DESIGNATION OF RECORD OF APPEAL | 355452.tif | 1 |
| 84. | AFFIDAVIT OF INDIGENCY | 10/21/2011 | AFFIDAVIT OF INDIGENCY | 355453.tif | 2 |
| 85. | DOCKETING STATEMENT | 10/21/2011 | DOCKETING STATEMENT | 355454.tif | 3 |
| 86. | Remarks | 10/25/2011 | Remarks-CMRRR TO THE 4TH COURT OF APPEALS | 355471.tif | 1 |
| 87. | POST OFFICE STAMPED RECEIPT | 10/28/2011 | POST OFFICE STAMPED RECEIPT | 355551.tif | 1 |
| 88. | CERTIFIED MAIL | 10/31/2011 | CERTIFIED MAIL RETURNED SERVED TO THE 4TH COURT OF APPEALS ON 10/28/11 | 355607.tif | 1 |
| 89. | NOTICE | 11/22/2011 | NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS | 356411.tif | 1 |
| 90. | CORRESPONDENCE | 12/05/2011 | CORRESPONDENCE FROM JUAN GABRIEL CISNEROS | 356719.tif | 1 |
| 91. | LETTER | 12/19/2011 | LETTER FROM THE COURT OF APPEALS | 356994.tif | 1 |
| 92. | CERTIFIED MAIL | 12/19/2011 | CERTIFIED MAIL- 7008 1830 0002 8951 4701 | 357026.tif | 1 |
| 93. | LETTER | 12/27/2011 | LETTER from the 4TH COURT OF APPEALS | 357275.tif | 1 |
| 94. | CERTIFIED MAIL | 12/27/2011 | CERTIFIED MAIL RETURNED & POST OFFICE RECEIPT | 357277.tif | 2 |
| 95. | ORDER | 01/03/2012 | ORDER FROM THE 4TH COURT OF APPEALS | 357379.tif | 2 |
| 96. | LETTER | 01/03/2012 | LETTER FROM JUAN GABRIEL CISNEROS | 357380.tif | 1 |
| 97. | LETTER | 01/03/2012 | LETTER MAILED TO JUAN | 357386.tif | 1 |
| 98. | TRIAL COURT CERTIFICATION OF DEFENDANTS RIGHT TO APPEAL | 01/11/2012 | TRIAL COURT CERTIFICATION OF DEFENDANTS RIGHT TO APPEAL | 357813.tif | 2 |
| 99. | Remarks | 01/11/2012 | Remarks- SPOKE TO LUZ FROM THE 4TH COURT OF APPEALS AND SHE ADVISED ME TO DO A SUPPLEMENT ON THE TRIAL COURTS CERTIFICATION | | |
| 100. | Remarks | 01/11/2012 | Remarks- MAILED TO 4TH COURT OF APPEALS- CMRRR#7008 1830 0002 8951 2912 | 357817.tif | 1 |

| 101. | CERTIFIED MAIL | 01/19/2012 | CERTIFIED MAIL SERVED TO 4TH COURT OF APPEALS ON 1/17/12 | 358099.tif | 1 |
| 102. | Remarks | 01/24/2012 | Remarks- APPLELLANT'S RESPONSE TO SHOW CAUSE ORDER ENTERED ON DECEMBER 28, 2011 | 358316.tif | 2 |
| 103. | LETTER | 01/24/2012 | LETTER FROM THE 4TH COURT OF APPEALS | 358318.tif | 1 |
| 104. | MEMORANDUM OPINION | 02/13/2012 | MEMORANDUM OPINION/ORDER | 359039.tif | 3 |
| 105. | Remarks | 02/24/2012 | Remarks- MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR REHEARING.... SENT TO THE 4TH COURT OF APPEALS BY JUAN GABRIEL CISNEROS.... COPY MAILED TO US | 359449.tif | 3 |
| 106. | CORRESPONDENCE | 04/10/2012 | CORRESPONDENCE FROM JUAN MOTION FOR REHEARING.... HE MAILED TO THE 4TH COURT OF APPEALS | 360846.tif | 10 |
| 107. | CORRESPONDENCE | 05/30/2012 | CORRESPONDENCE FROM THE DEFENDANT | 362373.tif | 2 |
| 108. | LETTER | 05/31/2012 | LETTER TO JUAN FROM THE DISTRICT CLERK'S OFFICE | 362434.tif | 1 |




# MEMORANDUM OPINION

## No. 04-11-00870-CR

## EX PARTE JUAN GABRIEL CISNEROS

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 88-02-02179-CR
Honorable Marisela Saldana, Judge Presiding

PER CURIAM

Sitting:   Sandee Bryan Marion, Justice
           Phylis J. Speedlin, Justice
           Rebecca Simmons, Justice

Delivered and Filed: February 8, 2012

DISMISSED FOR LACK OF JURISDICTION

The trial court denied appellant's application for writ of habeas corpus on July 25, 2011. The notice of appeal was due to be filed August 24, 2011. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on September 8, 2011. TEX. R. APP. P. 26.3. Appellant filed his notice of appeal on October 21, 2011 and he did not file a motion for extension of time. Accordingly, on December 28, 2011, this court ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. On January 23, 2012, appellant responded by stating a request for findings of fact were filed by his attorney on August 9, 2011 and, following a September 23, 2011 hearing, the trial court stated it would file findings but failed to do so.

The time in which to file a notice of appeal in a civil appeal may be extended by the timely filing of a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a)(4). However, in a criminal appeal, only the filing of a motion for new trial will extend a defendant's time in which to file a notice of appeal. *See* TEX. R. APP. P. 26.2(a)(2). Therefore, appellant's request that the trial court enter findings of fact did not extend the deadline by which he was required to file his notice of appeal.

Accordingly, we must dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH



NO. ___2179___

| THE STATE OF TEXAS | ] [ | IN THE DISTRICT COURT |
| VS. | ] [ | OF BROOKS COUNTY, TEXAS |
| JUAN GABRIEL CISNEROS | ] [ | 79TH JUDICIAL DISTRICT |

## ORDER DISCHARGING DEFENDANT FROM DEFERRED ADJUDICATION PROBATION

THIS DAY, came to be heard the matter of determining whether the judgment of conviction and placing the defendant on deferred adjudication probation heretofore entered in this cause should be set aside and the Defendant discharged from deferred adjudication probation, and the Court after hearing the evidence submitted and it appearing from said evidence that the defendant was indicted in this cause for the felony offense of ___Possession of Marihuana___, and on the __27th__ day of ____February__, 19_89_, was convicted therefore, and that the imposition of sentence was suspended and the Defendant placed on Deferred Adjudication probation for a period of __two (2)__ years and it further appearing to the satisfaction fulfilled, it is accordingly considered, ORDERED AND ADJUDGED by the Court that the Defendant's deferred adjudication probation be terminated and Defendant be discharged from said deferred Adjudication probation.

SIGNED AND ENTERED this __29__ day of __April__, 19_91_.

_____
TERRY A. CANALES
DISTRICT JUDGE
79TH JUDICIAL DISTRICT
BROOKS COUNTY, TEXAS

AT_____ FILED O'CLOCK _____ M

APR 29 1991

Pete Martinez D.C. Clerk Brooks Co., T.
BY



PURPLE HEART (stamps) FOREVER USA

<>40178-079<>
Clerk Of Fourth Court Appeal
300 Dolorosa
Suite 3200
SAN Antonio, TX 78205
United States

Reg No. 40178-079
United States Penitentiary
P.O Box 3900
Adelanto, CA 92301
United States

FILED
IN THE COURT OF APPEAL
AT SAN ANTONIO, TEXAS
2017 SEP 25 AM 11:55

Keith E. Hottle
KEITH E. HOTTLE, CLERK